CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 08, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **KELVIN A. CANADA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00142 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN DAVID ZOOK, et al.** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Kelvin A. Canada, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983, alleging that the defendants have violated his constitutional rights. Canada has not prepaid the necessary filing costs to proceed with a civil rights action and has filed a motion requesting in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings. Accordingly, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment

method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A dismissal for one of these reasons, regardless of whether it is with or without prejudice, counts toward the three strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

Canada has filed more than twenty lawsuits across four different district courts throughout his incarceration. Three of these cases have been dismissed for failure to state a claim. *See Canada v. Johnson*, No. 7:11-cv-00369 (W.D. Va. Aug. 16, 2011) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *Canada v. Clarke*, No. 7:11-cv-00408 (W.D. Va. Oct. 11, 2011) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *Canada v. Miller*, No. 7:13-cv-00323 (W.D. Va. Apr. 16, 2014) (dismissing on summary judgment for failure to state a claim).[1] Accordingly, Canada may only proceed in forma pauperis (without

---

[1] While this case was dismissed by an Order granting the defendants' Motion for Summary Judgment, a summary judgment dismissal counts as a strike so long as the court expressly deems the terminated action frivolous, malicious, or failing to state a clam. *Blakely v. Wards*, 738 F.3d 607, 616 (4th Cir. 2013). Such is the case here where the court determined that Canada's disagreement with two of the defendants' course of treatment "fail[ed] to state and Eighth Amendment claim," and that he, likewise, "fail[ed] to raise a plausible claim" against the other defendant. *Canada v. Miller*, No. 7:13-cv-00323 (W.D. Va. Apr. 16, 2014) (Mem. Op., Dkt. No. 52 at 5, 6).

prepayment of the filing fee) in this case if he states facts showing that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The imminent danger exception to the three strikes rule is "essentially a pleading requirement subject to the ordinary principles of notice pleading." *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (unpublished). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

In the present Complaint, Canada raises several claims related to prison life, none of which show imminent danger of serious physical injury as required to avoid the harsh effects of 28 U.S.C. § 1915(g). First, Canada describes an event that occurred on October 8, 2025, during which officers "slammed [him] to the concrete floor face-first, while fully hand-cuffed from the back, and beg[a]n punching [him] in [his] right side repeatedly." Compl. 7, Dkt. No. 1. However, because this incident

occurred approximately four months before Canada's signing of the Complaint and the imminent danger exception applies to future harm, he cannot receive redress for this alleged past occurrence. *See Hall v. United* States, 44 F.4th 218, 224 (4th Cir. 2022) ("[P]ast allegations of danger or threats of harm on their own are insufficient to satisfy the [imminent danger] exception.").

Canada further claims that he was denied medical treatment for a resulting cut on his eye when the evaluating nurse found "no acute distress." Compl. 13, Dkt. No. 1. He states that when he saw the doctor three weeks later, he was prescribed pain medication for the injury. *Id.* at 14. Although delay or denial of medical treatment can trigger the imminent danger exception, Canada's conclusory claims here are insufficient without an allegation that the denial of medical care has worsened the medical condition, resulting in serious physical injuries. *See Hall*, 44 F.4th at 227 (determining that "delayed or denied medical treatment that worsens a petitioner's medical conditions resulting in serious physical injuries would be sufficient to trigger the exception" but "a district court is also within its discretion to dismiss allegations of imminent harm or injury because of delayed or denied medical care if such allegations are wholly conclusory").

Canada also takes issue with a policy decision from September 2025, prison officials' mishandling of his grievances, and insufficient, unhealthy food options; however, these claims fail to demonstrate that Canada was in imminent danger of

serious physical harm at the time he filed this case. *See, e.g., Springer v. Stallard*, No. 7:21CV00446, 2021 WL 5138427, at *2 (W.D. Va. Nov. 4, 2021) (concluding that claims regarding grievances do not meet the imminent danger exception); *Renoir v. Uknown*, No. 7:25CV00210, 2025 WL 2481395, at *2 (W.D. Va. Aug. 28, 2025) (determining that allegations of small portion sizes were insufficient to show imminent danger of physical harm at the time the complaint was filed).

For the stated reasons, I cannot find that Canada is eligible to proceed with this case without prepayment of the filing fee under the imminent danger exception in § 1915(g). Therefore, I must deny his application to proceed in forma pauperis under § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Judgment will be entered.

ENTER:   June 8, 2026

/s/  JAMES P. JONES
Senior United States District Judge